1:13-cv-0538-SEB-DKL                              Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  Southern Indiana | |
|---|---|---|
| Name (under which you were convicted):<br>DALE RUSSELL | | Docket or Case No.:<br>1:08-cr-00004-SEB-KPF |
| Place of Confinement:<br>U.S. Penitentiary - Tucson | Prisoner No.:<br>56938-112 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v.   DALE RUSSELL | | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court for the Southern District of Indiana
   46 E. Ohio St.
   Indianapolis, Indiana  46204
   (b) Criminal docket or case number (if you know): 1:08-cr-00004-SEB-KPF

2. (a) Date of the judgment of conviction (if you know): March 3, 2010

   (b) Date of sentencing: May 13, 2010

3. Length of sentence: 456 months

4. Nature of crime (all counts): 18 USC § 2251, Sexual Exploitation of a minor
   (4 counts)
   _____
   _____
   _____
   _____

5. (a) What was your plea? (Check one)
   (1)  Not guilty ☒     (2)  Guilty ☐     (3)  Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to? _____
   _____
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

**RECEIVED**

MAR 29 2013

**U.S. CLERK'S OFFICE**
**INDIANAPOLIS, INDIANA**

**FILED**

MAR 29 2013

**U.S. CLERK'S OFFICE**
**INDIANAPOLIS, INDIANA**

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes X☐   No ☐

8. Did you appeal from the judgment of conviction?   Yes X☐   No ☐

9. If you did appeal, answer the following:

(a) Name of court: __United States Court of Appeals for the Seventh Circuit__

(b) Docket or case number (if you know): __10-2259__

(c) Result: __Affirmed__

(d) Date of result (if you know): __November 10, 2011__

(e) Citation to the case (if you know): __662 F.3d 831__

(f) Grounds raised: __Improper admission of "prior acts" testimony__
__Improper exclusion of expert witness and nude photography books__
__Improper jury flight instruction__
__Unreasonable sentence__

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes X☐   No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): __11-8964__

(2) Result: __cert. denied__

(3) Date of result (if you know): __March 26, 2012__

(4) Citation to the case (if you know): __132 S. Ct. 1816, 182 L. Ed. 2d 634__

(5) Grounds raised: __Improper admission of "prior acts" testimony__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No X☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑    No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:        Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE AN AS-APPLIED OVERBREADTH CHALLENGE TO THE APPLICATION OF THE § 2251 STATUTE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The 18 USC § 2251 statute was applied in an overbroad manner, allowing the conviction of the movant. Trial and appeal counsel were ineffective for failing to raise the as-applied overbreadth challenge. This prejudiced the movant by allowing his conviction for conduct that is outside the statutory application of § 2251 and protected by the First Amendment. This failure by counsel violated the movant's Sixth Amend. right to effective counsel. (see Memorandum of Law and attachments)

_____

_____

_____

(b) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐   No ☒
(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel claims are best raised under a § 2255 petition. _____

_____

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐   No ☒
(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____
_____
_____
_____
_____

GROUND TWO: COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE AN AS APPLIED
VAGUENESS CHALLENGE TO THE APPLICATION OF THE § 2251 STATUTE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The 18 USC § 2251 statute was applied using vague and unclear criteria
that failed to provide fair notice as required by the Fifth Amendment.
Counsel's failure to raise this challenge prejudiced the movant by
allowing him to be convicted of a violation of a statute that is vague
as applied, violating the movant's Sixth Amendment right to effective
counsel. (also see attachments) _____
_____

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: <u>Ineffective</u>
<u>assistance of counsel claims are best raised under a § 2255 petition.</u>

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: __COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE A CHALLENGE__
__OR FILE A MOTION CHALLENGING THE SUFFICIENCY OF THE EVIDENCE.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
There was insufficient evidence to support a conviction of the § 2251
statute. Movant's Sixth Amendment right to effective counsel was
violated because trial counsel failed to file a motion for dismissal of
all four counts and appeal counsel did not raise a sufficiency-of-the-
evidence challenge on direct appeal. Movant was prejudice by being
convicted. (also see attachments)

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: __Ineffective__
       __assistance of counsel claims are best raised under a § 2255 petition.__
       _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

GROUND FOUR: COUNSEL WAS RENDERED INEFFECTIVE BY CREATION OF A NO-WIN
SITUATION DUE TO IN LIMINE RULING CHANGE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
In-trial change of in limine ruling created a situation in which it was
impossible for counsel to render effective assistance, resulting in the
conviction of the movant.  This failure to provide effective assistance
by counsel violated the Sixth Amendment's guarantee to effective assist-
ance of counsel and prejudiced the movant by allowing his conviction.
(also see attachments)

_____

_____

(b)  **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐  No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: <u>Ineffective</u>
  <u>assistance of counsel claims are best raised under a § 2255 petition.</u>

(c)  **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐  No ☒

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  _____

  (3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

  (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _____

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>None have been previously presented.  Ineffective</u> <u>assistance of counsel claims are best raised under a § 2255 petition.</u>

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: <u>James McKinley and Jessie A. Cook</u>

_____

(b) At arraignment and plea: <u>James McKinley and Jessie A. Cook</u>

_____

(c) At trial: <u>James McKinley and  Jessie A. Cook</u>

_____

(d) At sentencing: <u>James McKinley and Jessie A. Cook</u>

_____

Page 12

(e) On appeal: ___Jessie A. Cook_____

_____

(f) In any post-conviction proceeding: __N/A_____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

Additional Grounds for § 2255:

GROUND FIVE: Counsel was ineffective because of his "opening the door" to the admission of "devastating" testimony.

Trial counsel "opened the door" to the admission of "devastating" testimony from Jane Doe 1, creating a situation that was impossible to defend against.

GROUND SIX: Counsel was ineffective for not objecting to or raising the issue of abuse of discretion or Fifth Amendment violations.

When the Court changed its in limine ruling and allowed the "devastating" testimony of Jane Doe 1 near the end of the trial, counsel was unable to proffer a defense against it. The Court excluded defense exhibits items, as well. This violated the petitioner's right to present a defense. Trial counsel was ineffective for failing to object or make a motion for mistrial and appeal counsel was ineffective for not raising it on appeal.

GROUND SEVEN: Counsel was ineffective for failing to object when prosecutor repeatedly engaged in misconduct, violating petitioner's Fifth Amendment right to due process and Sixth Amendment right to effective counsel.

The prosecutor repeatedly made disparaging remarks concerning the petitioner's defense as well as made statements intended to inflame the jury. Trial counsel was ineffective

for failing to object to these transgressions.

GROUND EIGHT: Cumulative errors by counsel resulted in the denial of petitioner's right to effective counsel.

Numerous failures to object to improper testimony, improper cross examination, improper jury instructions, and other failures deprived petitioner of the right to effective representation.

GROUND NINE: Sentence exceeded guideline range in effect at time of conduct, violating ex post facto.

Sentencing guideline in effect at time of charged conduct was five points lower that at time of trial, resulting in a sentence that is longer than proper.

(See Memorandum of Law for more detail.)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* This motion is timely filed. Under 28 USC § 2255, the deadline is one year from the date the judgment is final. The movant's certiorari was denied on March 26, 2012, therefore the deadline is March 26, 2013.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Vacate the petitioner's</u>
<u>conviction, or order a new trial with effective representation, vacate</u>
<u>the petitioner's sentence and resentence him,</u>
or any other relief to which movant may be entitled.


_____<u>N/A</u>_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>March</u>
<u>26, 2013</u> (month, date, year).


Executed (signed) on <u>March 26, 2013</u> (date).


_____<u>Dale Russell</u>_____
Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

_____


IN FORMA PAUPERIS DECLARATION
<u>U.S. Disctict Court - Southern Dist. Ind.</u>
[Insert appropriate court]
* * * * *