UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALE RUSSELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CAUSE NO.   1:13-cv-538-SEB-DKL |
| ) | [1:08-cr-004-SEB-KPF] |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**RESPONSE TO MOTION FOR POST-CONVICTION RELIEF**

For its response to Dale Russell's ("Russell") motion for post-conviction relief, filed pursuant to 28 U.S.C. § 2255, the United States advises the Court as follows:

**RELEVANT PROCEDURAL HISTORY[1]**

On January 8, 2008, the Grand Jury sitting in the Southern District of Indiana handed down an Indictment charging Russell with 4 counts of production of child pornography, in violation of Title 18, United States Code, Section 2251(a) and (d).  PSI ¶ 1; Docket No. 1.

On March 3, 2010, at the conclusion of a three day jury trial, Russell was found guilty of all four counts as charged in the Indictment.  PSI ¶ 4; Docket No. 42.

On May 17, 2010, the district court conducted a sentencing hearing.  Russell was sentenced to 38 years of imprisonment to be followed by a lifetime of supervised release.  The Court also ordered Russell to pay a $5000 fine and a $400 special assessment.  Docket No. 54.

---

[1]The facts as set forth herein are taken from various materials of record, including the Indictment, the Judgment in a Criminal Case, the Criminal Docket ("Docket No."), the Presentence Investigation Report ("PSI"), and the Seventh Circuit's decision affirming Russell's convictions and sentence, reported as *United States v. Russell*, 622 F.3d 831(7th Cir. 2011).

Russell appealed his convictions and his sentence to the Seventh Circuit. *See United States v. Russell*, 622 F.3d 831 (7th Cir. 2011). In that appeal, Russell claimed that: (1) the district court erred in admitting testimony as to Russell's alleged sexual conduct with Jane Doe 1; (2) that the district court erred in excluding a defense expert testimony and defense exhibits; (3) the district court erred when giving a flight instruction; and (4) the sentence imposed was unreasonable. All of Russell's arguments failed, and on November 10, 2011, the Seventh Circuit affirmed his convictions and his sentence. *Id*.

Russell next sought *certiorari* to the Supreme Court, but that effort failed and the Supreme Court denied his petition for *certiorari* on March 26, 2012. *See Russell v. United States*, 132 S. Ct. 1816 (2012).

Russell filed a 28 U.S.C. § 2255 motion on March 29, 2013. This Court directed the United States to respond to Russell's motion by July 15, 2013.

## ISSUES

1. Whether Russell's trial counsel was ineffective; and

2. Whether 18 U.S.C. § 2251(a) is unconstitutional.

## DISCUSSION

Section 2255 provides for collateral relief in the form of a vacated conviction or corrected sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Relief under § 2255 is reserved for extraordinary situations and will not be allowed to do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Section

2255 relief is appropriate when the legal error is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428 (1962). "A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (internal quotation marks omitted). As a result, when a defendant fails to raise a claim at trial or on direct appeal, he may not proffer it as a ground for collateral attack unless he demonstrates good cause and prejudice. *Bousley*, 523 U.S. at 622; *Waldemer v. United States*, 106 F.3d 729, 731 (7th Cir. 1996). Claims of ineffective assistance of counsel are an exception to the rule of procedural default and generally may be raised during a collateral challenge. *See Massaro v. United States*, 538 U.S. 500 (2003); *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (in order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation).

Russell contends that his trial counsel was ineffective in (1) failing to raise an overbreadth challenge to the application § 2251 statute; (2) failing to raise a vagueness challenge to the application of the § 2251 statute; (3) failing to challenge the sufficiency of the evidence; (4) creating a "no-win" situation when allowing the testimony of Jane Doe 1 to be admitted; (5) "opening the door" to allow the testimony of Jane Doe 1 to be admitted; (6) failing to raise an abuse of discretion and fifth amendment violations due to the admitted testimony of Jane Doe 1; (7) prosecutor misconduct during trial; (8) a multitude of errors that were prejudicial when considered in their totality to include (a) failing to address flight instruction; (b) failing to object to prosecution's improper line of questioning; (c) failing to call a digital photography expert witness; (d) failing to call a computer expert witness; (e) allowing Russell to testify; (f) agreeing with the prosecution that the images were found in Canada; (g) advised defendant to stipulate to

federal jurisdiction; (h) failed to object to admission of the computer into evidence; (I) failed to object to the jury instruction defining lasciviousness; (j) failed to properly question Russell during his testimony; (k) failed to request a psychological profile; (l) failed to properly cross examine the issued related to the digital photography; (m) ineffective cross examination of Jane Doe 1 and 2; (n) ineffective cross examination of the prosecution witnesses; (o) failed to object to pre-mirandized statements; (p) failed to inform the court of juror misconduct; (q) failed to request Brady material; (r) failed to call character witnesses; (s) failed to object during closing argument; (t) failed to discuss arguments filed on direct appeal; and (9) unreasonable sentence.

Russell has already addressed issues 4, 5, 6, 8(a), and 9 to the Seventh Circuit on direct appeal and failed. Thus, this Court does not need to revisit those issues. *See United States v. Russell*, 662 F.3d 831, 842-848, 850-854 (7th Cir. 2011). *See also Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986).

### I.     Ineffective Assistance of Trial Counsel

To prevail on a claim of ineffective assistance of counsel, Russell must demonstrate that his trial counsel's performance was deficient and that as the result of the deficient performance prejudice resulted to Russell. *See Veal v. Cooper*, 936 F. Supp. 511, 514 (N.D. Ill. 1996). An isolated error by a lawyer who furnished a vigorous and competent defense is not ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Holman v. Gilmore*, 126 F.3d 878, 881 (7th Cir. 1997).

With respect to counsel on appeal, the rule is that counsel is ineffective only if he or she fails to raise issues that are (1) obvious; and (2) clearly stronger than the ones raised. *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). *Kelly v. United States*, 29 F.3d 1107 (7th Cir. 1994), (abrogated on other grounds by *United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir.

2002)).  "In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record."  *Hollenback v. United States*, 987 F.2d 1272, 1275 (7th Cir. 1993). "Insufficiency of the evidence arguments are hard to win." *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1106 (7th Cir. 2006).  *See also United States v. Moore*, 425 F.3d 1061, 1072 (7th Cir. 2005) (calling the insufficiency of the evidence challenge standard "nearly insurmountable"); *United States v. Frazier*, 213 F.3d 409, 416 (7th Cir. 2000).

With respect to the sufficiency of the evidence, and viewing the evidence against Russell in the "light most favorable to the government" there is no basis to contend that "a rational jury could find guilt beyond a reasonable doubt." *United States v. Orozco-Vasquez*, 469 F.3d at 1106.

## II.  Sufficiency of the Evidence

Russell essentially argues that his counsel did everything wrong.  Russell's numerous claims that his counsel was ineffective are meritless.  Criminal defendants asserting that there was insufficient evidence to convict them "face[s] an uphill battle." *United States v. Garcia*, 580 F.3d 528, 534 (7th Cir. 2009).  When such a challenge is raised, the court examines the evidence "in the light most favorable to the government and will uphold the jury's verdict so long as 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Garcia*, 580 F.3d at 534.

Russell asserts that his counsel was ineffective during trial. In support of that contention, Russell recites a string of omissions which, had counsel not failed to undertake on Russell's behalf, would (according to Russell) have changed the outcome of his trial.   Russell is really challenging his counsel's trial strategy.  Such a challenge is certain to fail.

To prevail on a claim of ineffective assistance of counsel, Russell must demonstrate "both

deficient performance and resulting prejudice" on the part of his trial counsel. *Veal v. Cooper*, 936 F. Supp. 511, 514 (N.D. Ill. 1996) *See also Strictland v. Washington*, 466 U.S. 668, 690 (1984); *Holman v. Gilmore*, 126 F.3d 878, 881-84 (7th Cir. 1997). To satisfy the prejudice element, "there must exist a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Veal*, 936 F. Supp. at 514 (internal quotation marks omitted). The defendant (Russell) bears the burden of demonstrating prejudice. *Id*. "[T]he court need not scrutinize counsel's performance if disposition on the prejudice prong is easier." *Id*.

The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Holman v. Gilmore*, 126 F.3d 876, 881-81 (7th Cir. 1997).

The prejudice prong of the Strickland test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694; see also *Bell v. Cone*, 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A petitioner must specifically explain how the outcome of the trial would have been different absent counsel's ineffective assistance. *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003).

With respect to trial strategy, an attorney's trial strategy is "virtually unchallengeable"

after counsel has conducted a thorough investigation of his client's case. *Sullivan v. Fairman*, 819 F.3d 1382, 1391 (7th Cir. 1987) (quoting *Strickland v. Washington*, 466 U.S. at 690-91).

Russell appears to be second-guessing (in virtually every respect) his trial counsel's trial strategy. Russell has demonstrated no ineffectiveness or inadequacy in his counsel's trial strategy. Nor has he shown any prosecutorial misconduct, let alone prejudice as the result of such supposed misconduct. Russell appears to contend that because he was not acquitted on all counts that his attorney was ineffective or that the proceedings against him were flawed. Those are conclusions that are unsupported by the record and cannot be drawn. Russell was convicted because the evidence at trial proved his guilt, and nothing he points to would have resulted in a different result.

Russell contends that his counsel failed to call a number of witnesses on his behalf. "Complaints of uncalled witnesses are not favored in federal habeas review." *United States ex rel Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987). "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *DeRobertis*, 811 F.2d at 1016. To meet this burden, "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). The failure to produce "affidavit[s] . . . indicating the evidence that would have been offered . . . constitutes a failure to satisfy the requirement from DeRobertis . . . [and] affords [the court] no reason to believe . . . this information affected the outcome of he trial." *United States v. Kamel*, 965 F.2d 484, 499 (7th Cir. 1992). Russell offered little, if anything, to demonstrate the existence of anything that would change the outcome of his trial. Russell has not offered a detailed affidavit

from any individual (if accepted as true) that, which he contends, would exonerate him. Absent those materials, it cannot be presumed such information exists or would, if presented at trial, have affected the trials outcome. Russell is simply speculating, and such speculation does not meet the *DeRobertis* requirements.

Russell asserts that his trial counsel's cross-examination of government witnesses was ineffective. With respect to cross-examination, "a wrong question, or series of them, in a criminal trial would seldom be considered as decisive elements of ineffective assistance." *Lane v. LeFarve*, 705 F. Supp. 88, 95 (N.D.N.Y. 1989), aff'd, 891 F.2d 277 (2d Cir. 1989) (Table). "Whether the cross-examination of a witness is perfunctory, and properly so, depends on the strategic judgment made in the tensions of a criminal trial." *Id*. Russell has not demonstrated how his trial counsel's examination of the government witnesses or himself was substandard or how that examination adversely affected the outcome of his trial.

Russell also asserts that his trial counsel was ineffective for not raising on direct appeal the issue of the sufficiency of the evidence presented against him. Counsel is not ineffective for failing to raise an issue that has no chance to succeed. *See Bonds v. United States*, 77 F.3d 1009, 1014 (7th Cir. 1996); *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990); *Williams v. Carter*, 85 F. Supp. 2d 837, 841 (N.D. Ill. 1999). Contending that the evidence against Russell was insufficient is frivolous.

**III. Constitutionality of 18 U.S.C. § 2251(a).**

Russell argues that the statute he was convicted of violating, 18 U.S.C. § 2251(a), is unconstitutional as overly broad and vague in violation of his First Amendment Rights. That claim is without merit. The Supreme Court has held that "[a]ccording to our First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected

speech. The doctrine seeks to strike a balance between competing social costs." *United States v. Williams*, 553 U.S. 285, 128 S.Ct. 1830, 1838, 170 L.Ed.2d 650 (2008). The government interest in prohibiting criminal conduct must be weighed against the danger of chilling constitutionally protected speech. *Id*. "In order to maintain an appropriate balance, we have vigorously enforced the requirement that a statute's overbreadth be *substantial,* not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Id*.; *see also New York v. Ferber*, 458 U.S. 747, 771 (1982) (holding that a statute "should not be invalidated for overbreadth unless it reaches a substantial number of impermissible applications"). The Supreme Court has held that facial challenges based on the overbreadth doctrine "are especially to be discouraged." *Sabri v. United States*, 541 U.S. 600, 609 (2004).

In *Ferber*, the Supreme Court comprehensively considered child pornography in the context of an overbreadth challenge under the First Amendment. In weighing the government's interest as required by the overbreadth analysis, the Court found that "the exploitive use of children in the production of pornography has become a serious national problem" and that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *Ferber*, 458 U.S. at 749, 757. The Supreme Court asserted that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *Id*. at 757, 102 S.Ct. at 3355.

Title 18 U.S.C. § 2251 has repeatedly been found not to be unconstitutionally vague. *See United States v. Wood*, 890 F.2d 241 (10th Cir. 1989) (statute proscribing "lascivious exhibition" of minors was not unconstitutionally vague); *United States v. Reedy*, 845 F.2d 239 (10th Cir. 1988 (Federal child pornography law was not unconstitutionally vague by use of term "lascivious"); and *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987) (statute prohibiting

sexual exploitation of children is not unconstitutional strict liability statute).

Russell fails to show that the statute's overbreadth is substantial and thus, his argument fails.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully urges the Court to deny Russell's Motion for Post-Conviction Relief and to dismiss his 28 U.S.C. § 2255 motion with prejudice.

Respectfully submitted,

s/Gerald A. Coraz
Gerald A. Coraz
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2013, a copy of the foregoing was mailed, by first Class U.S. Mail, postage prepaid and properly addressed to the following:

Dale Russell
Reg No. 56938-112
USP Tucson
P. O. Box 24550
Tucson, AZ 85734

    s/Gerald A. Coraz
Gerald A. Coraz
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
(317) 226-6333