UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DALE RUSSELL,                              )
                        Petitioner,        )
                                           )
        vs.                                )        1:13-cv-538-SEB-DKL
                                           )
UNITED STATES OF AMERICA.                  )

### Entry Discussing Motion for Relief Pursuant to
### 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons discussed in this Entry, the motion of Dale Russell for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

On January 8, 2008, Russell was charged with four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (d). At the conclusion of a three-day jury trial, on March 3, 2010, Russell was found guilty of all four counts as charged in the Indictment. Russell was sentenced to 38 years of imprisonment to be followed by a lifetime of supervised release. The Court also ordered Russell to pay a $5000 fine and a $400 special assessment. Russell appealed his convictions and his sentence to the Seventh Circuit. *See United States v. Russell*, 662 F.3d 831 (7th Cir. 2011). All of Russell's arguments on appeal failed, and on November 10, 2011, the Seventh Circuit affirmed his convictions and his sentence. *Id.*

## II. Discussion

Russell now seeks relief pursuant to 28 U.S.C. § 2255. A motion pursuant to § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or

sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

Russell claims that he is entitled to relief under § 2255 arguing that his counsel was ineffective at trial and on appeal and that his sentence exceeded the guideline range.

A. *Ineffective Assistance of Counsel*

Russell first asserts that his trial and appellate counsel were deficient in various respects. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* Each of Mr. Russell's specifications of ineffective assistance is discussed below.

1. *Constitutionality of § 2251*

Russell's first two specifications of ineffective assistance of counsel relate to his position that 18 U.S.C. § 2251 is unconstitutional as applied to him and that his counsel was ineffective for failing to raise this argument. He argues that the statute, as applied to him, is unconstitutionally

overbroad and unconstitutionally vague. In support of this argument, Russell asserts that "nothing in the petitioner's photographs violate the plain language of the statute and do not depict any type of lascivious conduct. Therefore, the petitioner was convicted of violating a statute which did not prohibit his conduct." (Dkt. 2, p. 10). He also argues "Relying on the text of the statute, a person intending to create a video or photo series chronicling a nudist life, such as the photos in this case, would be under the presumption that their planned production would be lawful. However, as the statute has been improperly interpreted in this case, they would actually be put at risk of prosecution." (Dkt. 2, p. 9).

To the extent Russell's argument can be considered to generally challenge the constitutionally of § 2251, it is undisputable there is no First Amendment violation in criminalizing the production of sexually explicit materials involving children. *See New York v. Ferber*, 458 U.S. 747, 764 (1982) (although the First Amendment protects non-obscene adult pornography, sexually explicit materials involving persons under the age of 18 enjoy no constitutional protection).

To the extent Russell argues that the particular photos at issue were not lascivious as meant by the statute, this was an issue for the jury to decide and on which the jury was properly instructed. *See Russell*, 662 F.3d at 843 ("In the absence of any argument to the contrary, we are satisfied that the jury was given adequate and accurate guidance in assessing whether the charged photographs reflected a lascivious exhibition of the genitals or pubic areas of Jane Does 1 and 2."). It is true that not every nude photo is "lascivious," but nude photos of children can become lascivious when they appear to be of a sexual character. *See United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002). "In other words, it is the duty of the trier of fact in this kind of case to examine the pictures to determine whether they are designed to appeal to the sexual appetite, as, for instance, by exhibiting a sexual coyness or focusing on the pubic area of the subject in a way that is lewd or

lurid." *Id.* That is what the jury found here. Russell has failed to show that the jury was incorrect in this finding. The pictures at issue in Count One of the Indictment included photos depicting Jane Doe 1 nude while in bed, rising from the bed with a blanket around her shoulders, and then putting on a bra and underwear. The photo at issue in Count Two depicts Jane Doe 2 preparing to do a handstand in the nude at a gymnastics gym. The photos at issue in Count Three depict Jane Doe 2 in a towel, emerging from the shower with her leg propped up. In the photo at issue in Count Four, Jane Doe 2 is nude and in a mirrored room at gymnastics. She is standing next to a barre with her leg extended out to the side. Both girls testified that Russell directed them to assume each of these poses, while Russell testified that he has given them only general directions.

Russell's convictions with regard to these photographs did not violate the Constitution. Courts have upheld verdicts based on similar photos to the ones at issue here. *See United States v. Dost*, 636 F.Supp. 828 (S.D. Cal. 1986), *affirmed* 812 F.2d 1239 (photograph of ten-year-old nude girl on beach contained a "lascivious exhibition of the genital or pubic area" so as to depict "sexually explicit conduct," in that the focal point of photograph was girl's genital area due to unusual positioning of her legs and pose was unusual for child of her age); *United States v. Rivera*, 546 F.3d 245, 250 (2d. Cir. 2008) (photos contained "lascivious exhibition" where child was posed naked on a bed with legs spread and defendant had set the scene); *United States v. Boyle*, 700 F.3d 1138 (8th Cir. 2012) (sufficient evidence supported defendant's conviction for sexual exploitation of a minor and attempting to sexually exploit a minor, even if the videos of young girls bathing and playing naked in bedroom were not sexually explicit, where jury could have concluded that defendant's repeated manipulation of camera was an attempt to get more sexually suggestive images that would elicit a sexual response from intended viewer); *United States v. Ward*, 686 F.3d 879 (8th Cir. 2012) (conviction of sexual exploitation of a minor was supported by evidence that

defendant secretly filmed front of twelve-year-old girl's nude body before and after she took shower, as reasonable jury could find that exploitation of victim included using her to engage in "sexually explicit conduct"; although video might look to many viewers like series of sexually unfocused pictures of nude youngster, defendant positioned victim using verbal commands and touching her body, so that secret camera repeatedly filmed her pubic area); *United States v. Nichols*, 527 Fed.Appx. 344 (6th Cir. 2013) (evidence was sufficient to establish that images of victim depicted "sexually explicit conduct" where focus of several of the images was the victim's pubic area, either while she was in her underwear or fully naked, photographs were taken in a bedroom, including several images taken while the victim was lying in a bed, and victim was posed in a sexually-suggestive manner in many of the photographs).

In addition, 18 U.S.C. § 2251 has repeatedly been found not to be unconstitutionally vague. *See United States v. Wood*, 890 F.2d 241 (10th Cir. 1989); *United States v. Reedy*, 845 F.2d 239 (10th Cir. 1988); *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987) (statute prohibiting sexual exploitation of children is not unconstitutional strict liability statute).

Russell has failed to show that 18 U.S.C. § 2251 is unconstitutional as applied to him. Counsel cannot be considered to be ineffective for failing to raise an argument that would have failed.

### 2. *Sufficiency of the Evidence*

Russell next argues that his counsel was ineffective for failing to raise a challenge to the sufficiency of the evidence against him. But "insufficiency of the evidence arguments are hard to win." *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1106 (7th Cir. 2006); *see also United States v. Moore*, 425 F.3d 1061, 1072 (7th Cir. 2005) (calling the insufficiency of the evidence challenge standard "nearly insurmountable"). Russell's challenge to the sufficiency of the

evidence against him is comparable to his challenge to the constitutionality of § 2251. That is, he argues that the pictures at issue were merely artistic expressions of nudism and not lascivious depictions of children. As already discussed, that was a question for the jury to decide and numerous courts have upheld verdicts based on similar pictures. Russell's counsel was not ineffective for raising a challenge that would likely fail.

### 3. *Testimony of Jane Doe 1*

Russell next raises a number of arguments with regard to the testimony of Jane Doe 1. He argues that "counsel was rendered ineffective by the creation of a no-win situation due to the in-trial change of an in limine ruling" and "counsel was ineffective because of 'opening the door' to admission of 'devastating' testimony."

At trial, the central issue was whether the photographs of Jane Does 1 and 2 portrayed "sexually explicit conduct," which is defined to include the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v); *see also Russell*, 662 F.3d at 834. Russell's position at trial was that the photographs simply depicted nudity, while the government asserted that the photographs were intended to elicit a sexual response in the viewer. To support his position, Russell sought to offer a variety of evidence on nudism and nude photography, including his own testimony regarding his practice of nudism and expert testimony and published works of photography containing nude families and children. The government sought to introduce evidence that Russell had sexually molested Jane Doe 1 on three occasions in order to show that the photographs were meant to excite lustfulness in the viewer. The Court permitted Russell to introduce evidence regarding his practice of nudism, but excluded evidence generally related to nude photography. The Court initially denied without prejudice the government's request to introduce testimony of Jane Doe 1 that Russell had molested her. This Court explained:

> The evidence of the sexual acts, the alleged molestations, seems to me to be more remote and less—and therefore less relevant. It's inherently prejudicial, of course, so the Court has to balance very carefully. So the Court will rule that the Government cannot bring out the molestation incidents, the three that were cited to the Court[,] as part of its case-in-chief.
>
> The door may be opened to the inclusion of that evidence on cross-examination of the defendant, depending on how that testimony goes, and also as possible rebuttal evidence depending on what the defense evidence is, if any.
>
> The defendant's not obligated to present any evidence, but if the defense does ... present evidence on issues that would be—that would make this relevant and relevant as impeachment and relevant as to the charges in the indictment, then it can't come in any other way.

*Russell*, 662 F.3d at 836.

After the government presented its case, Russell took the stand in his own defense. He testified that he had been a nudist for most of his life. He also testified that he had been taking photographs since the age of eight and had been a professional photographer for many years. Russell acknowledged taking the photographs charged in the indictment. He also acknowledged that he set the themes for the photography sessions but denied that he directed the poses his daughters had assumed in the pictures. He denied that any of the photographs were inappropriate or meant to be sexually suggestive, although he agreed that the photographs would be inappropriate for online viewing by the general public.

At the conclusion of Russell's direct examination, the government asked the Court to reconsider the ruling barring any evidence that Russell had previously engaged in inappropriate sexual contact with Jane Doe 1. The government argued that Russell's testimony regarding his practice of nudism and his denial that he had any intent to create sexually suggestive photographs opened the door to contrary proof that the photographs were intended to elicit a sexual response in the viewer. Russell's counsel argued that the only element of section 2251(a) that was in dispute was whether the images rose to the level of a lascivious exhibition of the genital or pubic area and that the charged photographs spoke for themselves in terms of their content. Russell's testimony

regarding his practice of nudism was not presented as a defense on that point, his counsel argued, but rather had been offered to place the nude photographs he took of his daughters in context and to shed light on who he was as a person. *Russell*, 662 F.3d at 838. The Court concluded that Russell had opened the door to this evidence and allowed the government to inquire into this area with strict limitations.

In his § 2255 motion, Russell argues both that "counsel was rendered ineffective by the creation of a no-win situation due to the in-trial change of an in limine ruling" and that "counsel was ineffective because of 'opening the door' to admission of 'devastating' testimony." (Dkt. 2, pp. 23 and 26).

In support of his argument that "counsel was rendered ineffective," Russell states: "When the court changed its pre-trial ruling excluding the testimony of Jane Doe 1, trial counsel was placed in a situation in which no lawyer, even a fully competent one, could have recovered and waged an effective defense." (Dkt. 2, p 24). To the extent Russell can be understood to argue that the Court improperly admitted the testimony at issue, the Court of Appeals extensively considered this issue and concluded that this Court did not err in admitting that testimony. *Id.* at 848. This Court will therefore not revisit the issue.

Russell also argues, apparently in the alternative, that his counsel was ineffective by opening the door to this testimony. But "[a] lawyer's decision to call or not call a witness is a strategic decision generally not subject to review." *United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997). "Trial tactics are a matter of professional judgment, and . . . we will not play 'Monday [or Tuesday] morning quarterback' when reviewing claims that an attorney rendered constitutionally deficient representation in making decisions on how to best handle a case." *See United States v. Malone,* 484 F.3d 916, 920 & n. 1 (7th Cir. 2007). Here, Russell admitted

producing the photographs. It appears that his only defense was that the photographs were the result of the combination of his interests in nudism and photography. Counsel was not ineffective for presenting that defense. Further, Russell contends that Jane Doe 1's testimony on this subject was "devastating" to his defense, but as the Court of Appeals held, "in view of the strict limits that the district judge imposed on this testimony, we do not believe it was so unduly prejudicial as to require its exclusion." *Russell*, 662 F.3d at 848.

4. *Prosecutor Misconduct*

Russell also identifies a number of incidents of alleged prosecutor misconduct and argues that his counsel was ineffective for not objecting to the alleged misconduct. Generally, claims of prosecutorial misconduct are based on the right to a fair trial under the due process clause. *United States v. Weaver,* 882 F.2d 1128, 1140-41 (7th Cir. 1989); *United States v. Mealy,* 851 F.2d 890, 903 (7th Cir. 1988). The Court follows a two-step analysis when assessing possible prosecutorial misconduct during closing argument. First, the Court looks at the disputed remarks in isolation to see if they were improper; second, if the statements were improper, then the Court proceeds to determine whether the statements, when assessed in the context of the record as a whole, denied the defendant a fair trial. *See United States v. Morgan*, 113 F.3d 85, 89 (7th Cir. 1997).

Russell has not shown any misconduct on the part of the prosecutor. The prosecutor's remarks merely related to the inferences to be drawn from the evidence to rebut the presumption of innocence. The Seventh Circuit has refused "to adopt [a] defendant's curious view that it is improper for the prosecutor to argue to the jury that a defendant is guilty." *United States v. Tipton*, 964 F.2d 650, 656 (7th Cir. 1992) (quoting *United States v. Auerbach,* 913 F.2d 407, 418 (7th Cir. 1990)). Russell further has not shown that he was denied a fair trial as a result of the prosecutor's

statements. He therefore has not shown that his counsel was ineffective for failing to object to any alleged prosecutorial misconduct.

### 5. *Cumulative errors*

Russell also argues that his counsel made a multitude of errors. He argues both that these errors were prejudicial when considered in their totality and that these errors amounted to the complete denial of counsel.

### a. Totality

Russell asserts at least 13 additional errors on the part of his counsel, the accumulation of which he alleges resulted in counsel's ineffectiveness. For the reasons discussed below, no relief is warranted on this basis.

1. First, Russell argues that his counsel was ineffective by failing to address the instruction regarding flight, with respect to Russell's departure to Mexico after he learned of the investigation against him. But his counsel did object to this instruction and the Court of Appeals affirmed the use of this instruction. *Russell*, 662 F.3d at 853. To the extent that Russell argues that his counsel should have raised a more strenuous defense to the evidence of flight, he has not shown prejudice from failing to raise it.

2. Next, to the extent Russell argues that his counsel failed to object to the prosecutor's improper line of questioning, he does not identify the alleged improper line of questioning at issue and has failed to show any error on the part of his counsel.

3. Russell also makes a number of arguments regarding his counsel's alleged failure to call certain witnesses. But "[c]omplaints of uncalled witnesses are not favored in federal habeas review." *United States ex rel Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987). "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to

demonstrate, with some precision, the content of the testimony they would have given at trial." *DeRobertis*, 811 F.2d at 1016. To meet this burden, "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). Russell has not met this burden here with respect to any of the witnesses he alleges his counsel should have called.

4. Russell next argues that his counsel erred in failing to properly question him during his testimony. But Russell's counsel elicited testimony from Russell regarding his nudist lifestyle, his interest in photography, and the context of the photo shoots at issue. Russell has provided no evidence or argument regarding what further testimony counsel could have obtained from him.

5. Russell further argues that his counsel was ineffective in his cross-examination of government witnesses. With respect to cross-examination, "a wrong question, or series of them, in a criminal trial would seldom be considered as decisive elements of ineffective assistance." *Lane v. LeFarve*, 705 F. Supp. 88, 95 (N.D.N.Y. 1989), aff'd, 891 F.2d 277 (2d Cir. 1989) (Table). Russell has not demonstrated how his trial counsel's examination of the government witnesses or himself was substandard or how that examination adversely affected the outcome of his trial.

6. Next, Russell asserts that his counsel erred when stipulating that the images at issue were found in Canada and when stipulating federal to jurisdiction. But whether or not to enter into a stipulation is part of an attorney's trial strategy. *See United States v. Hope,* 906 F.2d 254, 264 (7th Cir. 1990). Further, there is no doubt that this Court had jurisdiction over the charges against Russell. Pursuant to 18 U.S.C. § 3231, this Court has "original jurisdiction exclusive of the courts of the States, of all offenses against the laws of the United States." Russell has failed to show that any challenge to federal jurisdiction would have been successful here. Russell has also failed to

show any evidence to rebut the fact that the photos were found in Canada. There was, in fact, ample evidence at sentencing to support this fact. He has also failed to provide any reason why stipulating to this fact was not sound trial strategy.

7. Russell also asserts that his counsel should have objected to admission of the computer into evidence. But he has provided no sound basis for any such objection or any prejudice from the introduction of the computer.

8. Russell also argues that if his counsel had requested a psychological profile of him, such profile would have disputed the notion proffered by the prosecution that he had a sexual interest in his daughters. This allegation is speculative and insufficient to show error on the part of his counsel.

9. Next, Russell contends that his counsel erred in failing to object to pre-mirandized statements. Russell does not describe the statement at issue or show that any objection to the statements would have been successful.

10. Russell also claims that his counsel failed to inform the court of juror misconduct. Russell asserts that his counsel should have made the Court aware that a juror was discussing the case during lunch recess on the second day of the trial and asserts that this alleged "juror misconduct" warrants reversal. The Seventh Circuit has explained when a court is presented with evidence regarding pre-deliberation discussions by a juror "the court must ignore any evidence about the supposed actual effects of the statements or conduct on the jurors, and must rely instead on precedent, experience, and common sense to gauge whether the statements or conduct should be *presumed* prejudicial." *United States v. Farmer*, 717 F.3d 559, 565 (7th Cir. 2013). The fact that discussions have occurred does not mean that the ultimate verdict must be set aside. *Id.* Here, Russell has provided no evidence regarding what was said by this juror or to whom the juror was

speaking. He has therefore provided no reason to presume prejudice and has not shown that if counsel had presented the alleged juror discussion to the Court, a mistrial would have been called or the verdict would have been set aside. In these circumstances, he has not shown that his counsel was ineffective.

11. Russell argues that counsel failed to obtain other photos that "would have shown the context of the charged photos and disproven the prosecution's mischaracterizations." Again, Russell has not shown that such argument would have been successful. Further, it appears that choosing not to present images not directly related to the charges at issue was part of counsel's trial strategy. In at least one instance when the government sought to introduce certain "uncharged images," counsel objected on the grounds that the uncharged images are irrelevant to the issue of whether the charged images portray "lascivious exhibition of the genitals," and the admission of them would do nothing more than mislead and confuse the jury as to the central issue here and what they are to decide. (Cr. Dkt 29, p. 3)

12. Russell also asserts that his counsel erred in failing to object during closing argument. As discussed above, Russell has failed to show misconduct on the part of the prosecutor and therefore he has failed to show that his counsel was ineffective for failing to object during closing argument.

13. Finally, Russell argues that his counsel was ineffective for failing to discuss with him arguments filed on direct appeal. But Russell has shown no prejudice from this alleged failure – he has not shown any argument that counsel did not raise on appeal that would have been successful.

Despite the myriad number of errors Russell asserts his counsel committed, he has not shown that any of these alleged errors, either in isolation or considered together, resulted in Russell receiving ineffective counsel.

### b. Complete Absence

Russell suggests that prejudice must be presumed based on some of the alleged failures of counsel discussed above. The Supreme Court has defined narrow exceptions to *Strickland* "where it is appropriate for a court to presume prejudice." *McDowell,* 497 F.3d at 762, 764, *citing United States v. Cronic,* 466 U.S. 648, 658 (1984); *see also Cuyler v. Sullivan,* 446 U.S. 335, 338 (1980); *Florida v. Nixon,* 543 U.S. 175, 190 (2004). Prejudice may be presumed where: (1) there is a complete denial of counsel; (2) there is a denial of counsel at a critical stage of the litigation; (3) counsel entirely fails to subject the prosecution's case to a meaningful adversarial test; (4) the likelihood that any lawyer could have provided effective assistance is very small; or (5) counsel labored on behalf of the defendant while harboring a conflict of interest. *McDowell,* 497 F.3d at 761.

There is no basis in the record or in Russell's arguments for this characterization of counsels' representation of him. The *Cronic* standard therefore is not applicable; the *Strickland* standard is applicable. *Bell v. Cone,* 122 S. Ct. 1843 (2002) (*Cronic* standard not applicable to claim that defense counsel's decision to present no mitigation evidence or closing argument at the sentencing stage was not objectively unreasonable); *cf. Patrasso v. Nelson,* 121 F.3d 297, 303-04 (7th Cir. 1997) (applying the little-used *Cronic* standard—where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, counsel could be adjudged ineffective without a showing of prejudice—and finding ineffective assistance at sentencing where counsel "made no effort to contradict the prosecution's case or to seek out mitigating factors").

B. *Sentencing*

Finally, Russell argues that his sentence exceeded that guideline range in effect at the time of the conduct at issue and that based on *Peugh v. United States*, 133 S.Ct. 2072 (2013), his sentence therefore violates the Constitution's Ex Post Facto Clause. But the Seventh Circuit has recognized that *Peugh* is not retroactive to cases on collateral review. *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013). Accordingly, *Peugh* does not support Russell's challenge to his sentence here.

### III. Conclusion and Certificate of Appealability

For the reasons explained above, Russell is not entitled to relief on his § 2255 motion. There was no effective assistance of counsel and his sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:08-cr-4-SEB-KPF-1**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Russell has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: ___10/27/2015___

Distribution:

Dale Russell
Reg. No. 56938-112
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

All electronically registered counsel


**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**